# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE WILLIAMS,<br><br>         Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>         Defendant.<br>_____/ | Case No. 1:05-cv-0717 AWI TAG<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPEAL FROM AN ADMINISTRATIVE DECISION (Doc. 19) |

## INTRODUCTION AND PROCEDURAL STATUS

On June 2, 2005, plaintiff Michelle Williams ("Claimant") filed a complaint seeking judicial review of an administrative decision by the Commissioner of Social Security ("Commissioner") denying Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 et seq. (Doc. 1). Claimant filed her opening brief on January 9, 2006. (Doc. 12). The Commissioner filed his opposing brief on February 13, 2006, to which Claimant timely replied. (Docs. 13, 14).

On August 17, 2007, the Magistrate Judge issued Findings and Recommendations recommending that the Commissioner's administrative decision be affirmed and Claimant's

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

complaint be denied.  ("Williams I") (Doc. 15).[2]  The District Judge adopted the Findings and Recommendations to the extent that they affirmed the denial of benefits after Claimant had undergone mitral valve surgery to treat her heart condition, but remanded the case to the Magistrate Judge for further consideration as to Claimant's pre-operative condition and eligibility for benefits. (Doc. 19).

## BASIC LEGAL FRAMEWORK

To qualify as disabled under Title XVI of the Act, an applicant for SSI must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Courts are limited with respect to the scope of judicial review that they can exercise over the Commissioner's decision, such that the administrative decision must be upheld when it is free of legal error and is supported by substantial, i.e., more than a scintilla but less than a preponderance of, evidence.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted); 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION[3]

On November 29, 2004, a hearing was held before Administrative Law Judge ("ALJ") James P. Berry.  At the hearing, Claimant testified almost exclusively about her post-operative pain and limitations, and a vocational expert ("VE") discussed jobs available locally and nationally that she would be able to perform given her residual functional capacity ("RFC") and other factors presented by the ALJ in a hypothetical question. (Administrative Record ("AR") 27-49).  ALJ Berry subsequently issued his findings and

---

[2] Because there have been no substantive changes in either the facts or the law since the entry of the August 7, 2007, Findings and Recommendations (Doc. 15), this Supplement presents only a truncated version of the applicable law and underlying facts.  The instant Findings and Recommendations incorporate by reference the sections from Williams I captioned "Jurisdiction,", "Statement of Facts," "Standard of Review," and "Sequential Evaluation Process."  (See Doc. 15).  Any additional facts or laws required to resolve the issue on remand will be addressed as needed herein.

[3] This section summarizes the Administrative Law Judge's ("ALJ") decision as it pertains to the issue on remand.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Claimant's request for review on April 8, 2005.  (AR 5-7).  The findings of the Administrative Law Judge are set forth in greater detail and as they relate to the underlying five-step legal framework in the August 7, 2007, Findings and Recommendations.  (See Doc. 15).

decision. (AR 14-20). The following addresses the ALJ's determination that Claimant was not disabled from the alleged onset date of May 1, 2003 through her August 19, 2004 heart surgery.

ALJ Berry found that Claimant suffered the following severe impairments under 20 C.F.R. § 416.920(b): "mitral valve replacement surgery; chest pain; asthma; and morbid obesity," which did not meet or equal any of the listed impairments such that she would presumptively be considered disabled. (AR 16, 19); see 20 C.F.R. §§ 416.920(a)(4)(iii), (d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ opined that Claimant's allegation of congestive heart failure was a manifestation of an August 18, 2004 diagnosis that found she had a "history of severe mitral valve regurgitation [("MVR")] with shortness of breath." (AR 15). ALJ Berry stated that, in accordance with the reports submitted by Dr. Patrick T. Paw – Claimant's cardiologist and heart surgeon – Claimant suffered no debilitating symptoms post-operatively. (AR 15).

With respect to Claimant's reports of chest pain, the ALJ found that this resulted from midline scar tissue where an incision was made for the surgery to repair her MVR ("MVR surgery"), and reported that Dr. Paw had referred Claimant to specialists in an attempt to alleviate the pain, but there was no evidence that Claimant followed through. (AR 15-16). In addition, the ALJ noted that Claimant's asthma was controlled with medication and that, based on the medical records and/or lack thereof, the September 2003 report of examining consultant Dr. Tomas B. Rios, and the opinions of the non-examining state physicians, Claimant's other alleged ailments were not severe. (AR 15-17). ALJ Berry, citing Social Security Ruling ("SSR") 02-1p and relying on Dr. Rios' 2003 report, found that Claimant's obesity did not cause her to suffer any musculoskeletal, cardiovascular, or respiratory complications. (AR 17).

The ALJ next concluded that Claimant's testimony regarding her pain and limitations was not wholly credible given, inter alia, that Claimant's heart surgery was successful and uneventful, Claimant failed to schedule appointments with the specialists to whom Dr. Paw referred her for her chest pain, Claimant's reported daily activities, and the opinions, assessments, and reports of Dr. Paw, Dr. Rios, and the state physicians. (AR 16-17, 19). Based on the foregoing, the ALJ concluded that, as opined by Dr. Rios and the DDS physicians, Claimant retained the residual

3

functional capacity ("RFC") to perform light work with some postural and environmental restrictions. (AR 16-18). According to the VE, based on the ALJ's assessment of Claimant's RFC, there were jobs that she could perform. (AR 18-20; see also AR 47-48). Accordingly, the ALJ determined that Claimant was not disabled and, thus, not eligible for benefits. (AR 19-20).

**DISCUSSION**

As indicated above, the issue on remand is whether the ALJ erred in finding that Claimant was not disabled for the 15-month period from her May 1, 2003 onset date until she underwent heart surgery on August 19, 2004, after which she has been deemed able to perform gainful work. (See Doc. 19 (Order Adopting Findings and Recommendations (Doc. 15) affirming ALJ's decision that Claimant was not disabled post-surgery); AR 15, 17-20).

Claimant's Condition

As evidenced in the ALJ's findings in the Administrative Decision section above, the Court concludes that the ALJ's determination that Claimant did not suffer a disability that would entitle her to SSI was based almost exclusively on findings as to Claimant's post-operative condition. For example, the ALJ's decision reasons that Claimant is not disabled primarily because her heart surgery was successful and uneventful. The ALJ also noted that Claimant's complaints of chest pain arose from a surgery scar, and her allegations regarding her limitations were not totally credible because she failed to follow through on her physician's referrals to specialists for the surgery scar pain. These reasons given by the ALJ, on their face, are relevant only to Claimant's post-operative condition. (AR 15-20).

Upon further review of the record with respect to Claimant's pre-operative condition, the Court concludes that it contains objective medical evidence, consisting primarily of Dr. Paw's reports and hospital inpatient and emergency room records, some of which the ALJ cites, which support a finding that Claimant had a history of MVR. (See AR 15, 156-99, 207-220). The ALJ's findings and the reports cited therein, also reflect that Claimant suffered at least some adverse effects of her heart condition before it was properly diagnosed and surgically treated. For example, Dr. Paw's August 19, 2004 medical report reflects that prior to surgery, Claimant's chief complaint was shortness of breath. (AR 207). The August

18, 2004 medical report of consulting physician M. Habib, M.D., states that Claimant was admitted to the hospital with increasing shortness of breath, congestive heart failure, and chest pain. (AR 209). In a letter dated December 13, 2004 from Dr. Paw to ALJ Berry, Dr. Paw notes that, before surgery, Claimant suffered from MVR with shortness of breath. (AR 220). Accordingly, the medical reports relied upon by the ALJ may render credible the SSI paperwork and Claimant's limited testimony at the November 2004 hearing[4] with respect to her pre-operative pain. (See AR 35, 89-91, 107).

Claimant's Credibililty

As discussed above, ALJ Berry discounted Claimant's testimony with respect to her pain and limitations in general primarily due to the success of her surgery. He also discounted her testimony based on the September 2003 report of examining consultant Dr. Rios. (AR 16-17, 19). Although Dr. Rios' examination of Claimant included various diagnostic tests, other than using a stethoscope to listen to her heart, it appears that he performed only an EKG to ascertain whether, as Claimant contended, she suffered from congestive heart failure. (See AR 137-144). Claimant's heart surgery less than one year later to repair her MVR, which the ALJ acknowledged underlay her congestive heart failure and related ailments, and Dr. Paw's letter reporting that, pre-operatively, she suffered from "severe mitral valve regurgitation with complaints of shortness of breath," coupled with the ALJ's emphasis on Claimant's post-operative conditions, calls into question the extent to which Dr. Rios' report accurately portrayed Claimant's pre-operative condition such that the ALJ's reliance upon it enabled him to conclude that Claimant was not disabled before her mitral valve surgery. (See AR 16-17, 19, 220).

In accordance with SSR 96-7p and this Circuit's case law, a claimant's subjective claims as to her pain, symptoms, and corresponding limitations may not be rejected solely because the claims are inconsistent with objective records. Light v. Chater, 119 F.3d 789, 792 (9th

---

[4] At the November 29, 2004, hearing, Claimant was asked specifically about her pre-operative symptoms only once, to which she testified that she could not breathe, walk more than a very short distance, "get up," or care for herself before her MVR surgery. (See AR 35).

5

1  Cir. 1997). Instead, the lack or inconsistency of objective medical records is one factor among many
2  that the ALJ may consider when ascertaining claimant's veracity. Burch v. Barnhart, 400 F.3d 676,
3  681 (9th Cir. 2005); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Morgan v. Commissioner
4  169 F.3d 595, 600 (9th Cir. 1999); SSR 96-7p. The ALJ also may consider, inter alia, the
5  claimant's reputation for honesty, internal inconsistencies in the testimony, and
6  inconsistencies between the testimony and reported daily activities. Light, 119 F.3d at 792.

7  Moreover, if there is no evidence that the claimant is malingering, the ALJ can reject
8  the claimant's testimony about the severity of his or her symptoms "only by offering specific,
9  clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.
10 1996). This level of specificity is crucial because, in its absence, effective judicial review
11 may not be possible. See Mersman v. Halter, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001)
12 ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible
13 renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported
14 by substantial evidence"); SSR 96-7p (the ALJ's decision "must be sufficiently specific to
15 make clear to the individual and to any subsequent reviewers the weight the adjudicator gave
16 to the individual's statements and reasons for that weight").

17 In the instant case, ALJ Berry stated that Claimant was not disabled "at any time,"
18 without explaining any reasons for finding her capable of working at any exertional level
19 before her August 19, 2004 heart surgery. (AR 11-20). Further, there is objective medical
20 evidence, consisting primarily of Dr. Paw's reports and hospital inpatient and emergency
21 room records, some of which the ALJ cites, which support a finding that Claimant had a
22 history of MVR. (See AR 15, 156-99, 207-220). Because the ALJ failed to differentiate
23 between the pre- and post-operative periods, and did not provide clear and specific reasons
24 for finding her not disabled prior to her surgery, it is recommended that this action be
25 remanded for further consideration of Claimant's pre-operative limitations and condition.
26 Smolen, 80 F.3d at 1281; Mersman, 161 F. Supp. 2d at 1086; SSR 96-7p. In light of the
27 remand to enable the ALJ to further evaluate Claimant's credibility and pre-operative
28 ailments and limitations, the undersigned finds that there is no need to address the issue of

whether Claimant's obesity adversely affected any of her alleged pre-operative diseases such that it would have further limited her ability to work.  See SSR 02-1p ("obesity is a 'severe' impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities.").

## CONCLUSIONS AND RECOMMENDATIONS

For the reasons discussed above, the Court concludes that the ALJ's decision did not adequately address Claimant's condition before she underwent heart surgery, and thus improperly concluded that Claimant was not disabled from her onset date of May 1, 2003 through her August 19, 2004 heart surgery.  The Court further concludes that the ALJ's decision is not supported by substantial evidence in the record as a whole and based on proper legal standards with respect to Claimant's pre-operative condition and eligibility for benefits.  The Court finds no error in the ALJ's analysis with respect to Claimant's post-operative condition and eligibility for benefits

Accordingly, it is HEREBY RECOMMENDED that:

1. Claimant's Complaint be GRANTED with respect to the issue of Supplemental Security Income benefits for the period commencing May 1, 2003 and ending August 19, 2004, and DENIED with respect to the issue of Supplemental Security Income benefits for the period after August 19, 2004;

2. That the matter be REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration, findings, and a decision on the issue of whether Claimant is entitled to Supplemental Security Income benefits for the period from Claimant's onset date of May 1, 2003 through her August 19, 2004 heart surgery.  Defendant is DIRECTED to include in his decision Claimant's pre-operative allegations of pain, ailments, the effect that her obesity may have had on her pre-operative heart condition, if he finds said condition pre-dated her heart surgery, and her residual functional capacity; and

3. That Judgment be ENTERED for Claimant Michelle Williams and against Defendant Michael J. Astrue.

These Findings and Recommendations are submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than fifteen (15) days after service of these Findings and Recommendations, any party may file written objections to these Findings and Recommendations with the Court and serve a copy on all parties and the Magistrate Judge and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than ten (10) court days after service of the objections and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the Magistrate Judge. The District Judge will review the Findings and Recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 3, 2008**                                 **/s/ Theresa A. Goldner**
                                                                                                UNITED STATES MAGISTRATE JUDGE